IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Dwain Wright,<br><br>                              Plaintiff,<br><br>v.<br><br>Officer BJ Sawyer and Officer 2 Unknown,<br><br>                             Defendants. | ) C/A No. 4:15-02442-BHH-KDW<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendants Officer BJ Sawyer and Officer 2 Unknown violated his constitutional rights.[1] This matter is before the court on Defendant Officer 2 Unknown's Motion to Dismiss, ECF No. 38, and Plaintiff's Motion to Amend/Correct his Complaint, ECF No. 77. As Plaintiff was proceeding pro se,[2] the court entered a *Roseboro* order[3] on December 1, 2015, advising Plaintiff of the importance of motions to dismiss and of the need for him to file an adequate response. ECF No. 40. On April 15, 2016, Plaintiff filed both his Motion to Amend/Correct his Complaint, ECF No. 77, and his Response to Defendant's Motion, ECF No. 78.[4] Defendant did not file a Reply to Plaintiff's Response, and Plaintiff did not file a Reply to Defendant's Response. Following the parties' filings, the court held a hearing on June 10, 2016. ECF No. 86. In the hearing notice, the parties were advised that the "main focus of the

---

[1] The S.C. Highway Patrol also was named as a Defendant but was subsequently dismissed on October 7, 2015. ECF No. 32.

[2] The court notes that James Thomas McBratney, Esq., appeared on Plaintiff's behalf on April 14, 2016. ECF No. 75

[3] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

[4] Because of discovery-related issues the court stayed Plaintiff's deadline to respond to the Motion to Dismiss until April 15, 2016. ECF No. 73.

hearing will be statute of limitations as it pertains to Douglas J. Sarvis." ECF No. 84. After hearing arguments, the undersigned took the pending motions under advisement. ECF No. 86.

This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motion to Dismiss is dispositive, a Report and Recommendation is entered for the court's review. Additionally, because the Motion to Amend is determinative of the Motion to Dismiss the undersigned has entered a recommendation on it as well for the court's review.

I.     Background

Plaintiff Marcus Dwain Wright "Plaintiff" is currently an inmate at the Broad River Correctional Institution ("BRCI"). ECF No. 1. In his Complaint, he alleges that on March 30, 2013, he and his wife were subjected to improper arrest and search and seizure when two "SC Highway Patrol Officers" arrested them in their backyard. *Id.* at 3. Plaintiff alleges that the officers searched his car, yard, and "anything that they could get into, all within the curti[lage] of [their] privacy fence, on private property without a warrant!" *Id.* at 4. Plaintiff represents he is bringing separate claims for "unlawful stop and arrest on private property;" and a "Fourth Amendment Violation." *Id.* Plaintiff filed an Amended Complaint on June 24, 2015, reiterating his claims for violations of the Fourth Amendment due to an "illegal stop and false arrest" and improper search and seizure. ECF No. 8. Plaintiff seeks compensatory damages of $250,000, punitive damages of $250,000, a jury trial, costs, and "any additional relief this court deems just, proper, and equitable." *Id.* at 6.

II.    Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In order for Plaintiff's Complaint to survive Defendant's Motion to Dismiss, Plaintiff does not need to plead detailed factual allegations in his Complaint. *See id.* However, the United States Supreme Court has held that a plaintiff's grounds for relief requires more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, on a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Plaintiff's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570. This court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011).

   III.   Analysis

      A. Defendant's Motion to Dismiss

In the Motion to Dismiss, Defendant Officer 2 Unknown requests the court dismiss this case "against him/her pursuant to Rules 12(b)(1), (2), (4), (5), (6), and (7) of the Federal Rules of Civil Procedure." ECF No. 38. Defendant represents that "Plaintiff has failed to indentify (sic) the individual against whom he wishes to prosecute th[ese] claims. Additionally, the use of the descriptive term Officer 2 Unknown does not comply with the requirements of Rule 17 of the Federal Rules of Civil Procedure." *Id.* at 2. Furthermore, Defendant maintains that service has not and cannot be completed because the identity of the Defendant "has yet to be conclusively

determined." *Id.* In a footnote Defendant notes that if Officer 2 Unknown "is *ever* properly identified, added as a party, and served, defense counsel will then Answer or otherwise respond to Plaintiff's Complaint on their behalf." *Id.* at n.1 (emphasis added).

In his Response to Defendant's Motion, Plaintiff indicates that in his Motion to Amend, he identifies Officer 2 Unknown as Douglas J. Sarvis based "[u]pon information provided by the Defendant in their responses to Plaintiff's discovery requests. . . ." ECF No. 78. Further, Plaintiff represents "[t]here is no surprise to Defendants as to the identity of Officer 2 unknown. . .[t]here is no bad faith, unreasonable delay or prejudice to Defendants if the Motion to Dismiss is denied." *Id.* at 2. Additionally, Plaintiff argues that "[p]ermitting the Plaintiff's claims to proceed against Defendant Douglas J. Sarvis promotes judicial economy, as Plaintiff would otherwise be required to file a separate lawsuit against this individual Defendant." *Id.*

B.     Plaintiff's Motion to Amend his Complaint

Plaintiff filed a motion seeking to amend his Complaint to identify the Defendant formerly identified as Officer 2 Unknown. In his Motion, Plaintiff notes that the court established a deadline of April 15, 2016, for the Plaintiff to file an amended complaint. ECF No. 77. Further, Plaintiff argues that Rule 15(a) instructs courts to freely give leave when justice so requires, and "[c]ourts should grant leave to a party to amend its pleadings absent unreasonable delay, a showing of prejudice, or bad faith." *Id.* at 2. Based on his initial Complaint, naming "the second Defendant as Officer 2 Unknown," Plaintiff argues that Defendants had "adequate notice of his § 1983 claim." *Id.*

In Response, Defendant argues "the allegations that give rise to this complaint occurred on March 30, 2013. Accordingly, the applicable three year Statute of Limitations has already expired for the additional claims, including those against Douglas J. Sarvis, to be asserted." ECF

No. 82. Therefore, Defendant Officer B.J. Sawyer requests Plaintiff's Motion to Amend be denied. *Id.*

        C.        Timeliness of Plaintiff's Claim against Defendant Douglas J. Sarvis

The undersigned finds that Defendant's only viable argument against allowing Plaintiff to Amend his Complaint is Defendant's statute of limitations argument. Therefore, this case turns on whether Plaintiff timely commenced this action against Officer Douglas J. Sarvis.

Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991) (stating that because "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. *See* S.C. Code Ann. § 15–3–530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." *Hamilton v. Middleton*, No. 4:02–1952–23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); *see Hoffman v. Tuten*, 446 F. Supp. 2d 455, 459 (D.S.C. 2006).

Even though the limitations period is borrowed from state law, however, the calculation of when the cause of action accrued is a matter of federal law. *National Adver. Co.*, 947 F.2d at 1162. Under federal law, the cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v.*

*Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (referencing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)). "Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint with the court, and Rule 4 governs the procedure for effecting service and the period within which service must be made." *West. v. Conrail*, 481 U.S. 35, 38 (1987). In *West*, the Supreme Court explained:

> [W]hen the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period. *See* 4 C. Wright & A. Miller, Federal Practice and Procedure § 1056 (1969). We decline respondents' invitation to require that when a federal court borrows a statute of limitations to apply to a federal cause of action, the statute of limitation's provisions for service must necessarily also be followed, even when the borrowed statute is to be applied in a context somewhat different from the one in which those procedural rules originated.

*Id.* at 39 (footnote omitted).

Here, Plaintiff brought suit against Officer B.J. Sawyer and Officer 2 Unknown on June 17, 2015. At this point, Plaintiff's civil action was timely was because it was "commenced," at least against Officer B.J. Sawyer, before March 30, 2016, or prior to three years after the March 30, 2013 incident. However, the civil action was not commenced against Officer Sarvis on June 17, 2015, and the three-year statute of limitations was not tolled against Officer 2 Unknown during the litigation process. *Bruce v. Smith*, 581 F. Supp. 902, 905 (W.D. Va. 1984) ("Naming unknown, fictitious, or 'John Doe' defendants in a complaint does not toll the statute of limitations until such time as the names of these parties can be secured."). Rather, Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure indicates when an amendment to a Complaint can relate back to the date of the original pleading. *See id.* ("Instead, it amounts to a change of parties under Fed.R.Civ.P. 15(c) and the newly named defendant sought to be

substituted for the previously unknown defendant becomes a new party."). "Rule 15(c) of the Federal Rules of Civil Procedure provides that some amendments may relate back to the original filing date if certain conditions are met, thus avoiding a statute of limitations bar." *Land v. Green Tree Servicing, LLC*, 140 F. Supp. 3d 539, 545 (D.S.C. 2015).

> Specifically, Rule 15(c)(1) provides:
>
> An amendment of a pleading relates back to the date of the original pleading when. . . .
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15 (c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Several courts have interpreted the relate-back pleading rule when an unknown party is initially named in a civil action. According to the *Land v. Green Tree* case:

> Naming unknown, fictitious, or John Doe defendants in a complaint does not toll the statute of limitations until such time as the names of these parties can be secured. Instead, it amounts to a change of parties under Fed. R. Civ. P. 15(c) and the newly named defendant sought to be substituted for the previously unknown defendant becomes a new party. It is well-settled in this circuit that plaintiffs should not be permitted to amend their complaint to remove the John Doe defendants and substitute real parties, because their lack of knowledge of the proper defendants is not considered a "mistake" under Rule 15(c)(3). *See Locklear v. Bergman & Beving AB,* 457 F.3d 363, 366–67 (4th Cir. 2006). "It would produce a paradoxical result wherein a plaintiff with no knowledge of the proper defendant could file a timely complaint naming any entity as a defendant and then amend the complaint to add the proper defendant after the statute of limitations had run. In effect, this would circumvent the weight of federal case law holding that the substitution of named parties for "John Doe" defendants does not constitute a mistake pursuant to Rule 15(c)(3)." *Id.* As to the Moving

> Defendants named for the first time in the Second Amended Complaint, the statute of limitations has run.

140 F. Supp. 3d at 546.

In a different case, the Fourth Circuit Court of Appeals held that "in analyzing the scope of this rule, [the court has] distinguished between mistake due to a lack of knowledge and mistake due to a misnomer." *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006). In its analysis, the court found it did not view "lack of knowledge of the proper party to be sued as a 'mistake' as that term is used in Rule 15(c)(3)(B)." *Id.* Specifically, the *Locklear* court noted that the Fourth Circuit adopted a rule from the Seventh Circuit on this issue: "Rule 15(c)(2) permits an amendment to relate back where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party." *Id.* (citing *Western Contracting Corp. v. Bechtel Corp,* 885 F.2d 1196, 1201 (4th Cir. 1989) (quoting *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir. 1980)) (internal citations omitted).

In its reasoning, the Fourth Circuit found that plaintiff's attempt to replace a defendant was not a "mere slip of the pen," but plaintiff "lacked the requisite knowledge of the machine's manufacturer until eight months after filing the original complaint and six months after the statute of limitations expired." *Id.* at 366-67. Further, the court reasoned that allowing plaintiff to amend would "expand Rule (c)(3)(B) beyond its intended purpose, which is to prevent a defendant from defeating an action on the basis of a formality that is neither a surprise or prejudicial to the misnamed party." *Id.* at 367.

In this case, it is clear that Plaintiff did not know the identity of Officer 2 until he received Defendant's discovery responses which were served on February 22, 2016. However, to

assert a timely cause of action against Officer Sarvis, Plaintiff needed to have filed a Motion to Amend his Complaint on or before March 30, 2016. In the case of *Bruce v. Smith*, 581 F. Supp. 902, 906 (W.D. Va. 1984), the court held:

> *The burden of finding the proper defendant is on the plaintiff. Jacobs v. McCloskey & Co.,* 40 F.R.D. 486 (E.D. Pa. 1966). Plaintiff cannot toll the running of statute of limitations by filing a complaint against some fictional character. This is especially true when plaintiff's failure to discover the proper defendant is plaintiff's own doing and is not caused by any misconduct of the defendant. There is no allegation that the defendants in any way misled the plaintiff, or attempted to conceal their identity. Plaintiff's original complaint was filed only one day before the statute of limitations ran. '(I)t is unfortunate that the plaintiff left himself so slender a margin for error. However, that was his decision, and it was not affected by the conduct of the Defendant.

(citing *Phillip v. Sam Finley, Inc.*, 270 F.Supp. 292 (W.D.Va.1967) (emphasis in *Bruce*)); *see also Wagner v. Charleston Cty. Jail*, No. CIVA 3:05-1435 GRAJR, 2006 WL 4532683, at *3 (D.S.C. Jan. 9, 2006), *report and recommendation adopted*, No. 3:05-1435-GRA-JRM, 2006 WL 278126 (D.S.C. Feb. 2, 2006), *aff'd*, 192 F. App'x 229 (4th Cir. 2006) ("Plaintiffs have not identified the 'Unknown Officers' and has not shown that they have been properly served. It is, therefore, recommended that Defendants 'Unknown Officers' be dismissed *sua sponte* from this action."). Here, technically, Plaintiff's deadline to file suit against Defendant Sarvis has expired.

      D.      Equitable Tolling and Timeline of Litigation

Though technically Plaintiff did not timely name Unknown Officer 2, the undersigned recommends that the court allow Plaintiff to Amend his Complaint based on the principles of equitable tolling.

"'Tolling' refers to suspending or stopping the running of a statute of limitations; it is analogous to a clock stopping, then restarting." *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 687 S.E.2d 29, 32 (S.C. 2009) (citing 51 Am. Jur. 2d *Limitation of Actions* § 169 (2000)). In §

9

1983 actions, the statute of limitations and the equitable tolling laws are borrowed from the relevant state. *Smith v. Cty. of Pickens*, No. 8:10-CV-02265-JMC, 2011 WL 3794153, at *6 (D.S.C. July 29, 2011), *report and recommendation adopted*, No. 8:10-CV-02265-JMC, 2011 WL 3794285 (D.S.C. Aug. 25, 2011), *aff'd*, 470 F. App'x 126 (4th Cir. 2012) ("Just as § 1983 incorporates the applicable state statute of limitations, § 1983 actions also incorporate the relevant state tolling rules."). "The South Carolina Supreme Court has held that the doctrine of equitable tolling may be applied where it is justified under the circumstances but 'should be used sparingly and only when the interests of justice compel its use.'" *Id.* (citing *Hooper,* 687 S.E.2d at 33 (S.C. 2009)).

"[I]n order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations." *Hooper*, 687 S.E.2d at 32 (citing 54 C.J.S. *Limitations of Actions* § 115 (2005)). In *Hooper,* the South Carolina Supreme Court noted that equitable tolling "typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Id.* While the court declined to provide an "exclusive list of circumstances that justify the application of equitable tolling" and noted that "[e]quitable tolling may be applied where it is justified under all the circumstances," it cautioned that it "should be used sparingly and only when the interests of justice compel its use." *Id.* at 33.

In this case both Defendant and the court contributed to Plaintiff's untimely naming of "Unknown Defendant 2" as "Defendant Sarvis." The timeline of the case indicates that once his Complaint was filed, Plaintiff served Defendant with discovery on December 8, 2015, *see* ECF No. 69, and sought the court's involvement in procuring discovery responses. On December 23, 2015, Plaintiff requested and was granted a 30-day extension to amend his pleadings. Plaintiff

10

asserted Defendant had not provided him with discovery responses. ECF Nos. 49, 50. On January 28, 2016, Plaintiff filed a Second Motion for an Extension to Amend Pleadings, ECF No. 54, and alleged that "Defendants have not turned over discovery, or responded to any discovery request made by Plaintiff." Further, Plaintiff represented that he "cannot amend Complaint, until Defendant turn over discovery revealing the identity of Officer Unknown." *Id.* Defendant did not file a Response to Plaintiff's Motion. On February 18, 2016, the undersigned issued an order with the following instruction: "No later than Monday, February 22, 2016. Defendants are instructed to inform the court if Plaintiff has served them with discovery requests and if so the status of the responses to the discovery." ECF No. 58.

On February 22, 2016, Defendant wrote a letter to the court and indicated Plaintiff in fact served discovery requests on Defendants, and Defendants responded to those requests as of the date of the letter. ECF No. 61. Additionally, Defendant indicated "these responses will provide the Plaintiff with all possible information needed for making a determination on amending pleadings." *Id.* In an order filed February 23, 2016, and based on the letter from Defendant, the court granted Plaintiff's Motion to Amend and instructed Plaintiff to file amended pleadings no later than March 22, 2016. ECF No. 62.

On February 24, 2016, Plaintiff filed another Motion to Compel responses to Discovery, ECF No. 66, and on March 8, 2016, Plaintiff filed another Motion for an Extension to Amend Pleadings, ECF No. 68. On March 14, 2016, Defendant filed a Response to Plaintiff's Motion to Compel, indicating that discovery was served February 22, 2016 (as indicated by the February 22, 2016 letter to the court). ECF No. 69. On March 15, 2016, the court issued the following order:

> On February 24, 2016, Plaintiff filed a Motion for an Order Compelling Discovery. ECF No. 66 . Thereafter, Plaintiff filed a Motion for an Extension of time to Amend the Pleadings. ECF No. 68. Since filing these Motions, Defendants have responded to Plaintiff's Motion to Compel. ECF No. 69. There, Defendants represent that "neither of the matters set forth in Paragraph 4 or 5 of the Motion for [an] Order Compelling Discovery have ever been sought from either Defendant through a discovery request." *Id.* at 2. Additionally, Defendants represent that production request 3 was provided when Defendants responded to Plaintiff's interrogatories. *Id.* Finally, Defendants represent that within 10 days, they will provide responses to requests in paragraphs 1, 2, and 6. *Id.* at 3.
>
> Plaintiff's Motion to Compel with respect to items requested in paragraph 3 is denied as moot, and Plaintiff's Motion to Compel with respect to items requested in paragraphs 1, 2, and 6 is denied without prejudice as these items will be produced by Defendants in 10 days. In an effort to expedite the litigation process, Defendants are instructed to construe items requested in paragraphs 4 and 5 as discovery requests and respond in accordance with the Federal Rules of Civil Procedure. Therefore, Plaintiff's Motion to Compel with respect to items requested in paragraphs 4 and 5 is denied without prejudice as these items will be produced by Defendants in due course. The discovery deadline has now passed. Therefore, the parties are instructed to limit any forthcoming discovery motions to items requested prior to the March 2, 2016 deadline.
>
> Based on the court's ruling concerning Plaintiff's Motion to Compel, ECF No. 66, Plaintiff's Motion for any Extension to Amend the Pleadings, ECF No. 68, is granted. Plaintiff is instructed to file an amendment to the pleadings no later than April 15, 2016. Based on the court's ruling concerning Plaintiff's Motion for an Extension, the dispositive motions deadline is also extended until May 15, 2016.

ECF No. 70. Thereafter, on April 14, 2016, James Thomas McBratney filed a Notice of Appearance on behalf of Plaintiff, ECF No. 75, and on April 15, 2016, Plaintiff filed a Second Motion to Amend/Correct. ECF No. 77.

Based on the timing of Defendant's responses to discovery Plaintiff served in December of 2016 and based on the court's allowing Plaintiff to file a Motion to Amend after March 30, 2016, *see* ECF No. 70, the court finds the doctrine of equitable tolling is justified under the circumstances. At the June 10, 2016 hearing, Plaintiff indicated that equity should play a role in extending the statute of limitations and noted that discovery responses were not served on him

until February 22, 2016. Therefore, the undersigned finds it would be unjust to deny Plaintiff the opportunity to present his case on the merits against Defendant Sarvis, and after considering the facts of this case, the court recommends applying equitable tolling to suspend or extend the three-year statute of limitations for the short two-week period of time in which Plaintiff moved to amend his Complaint. If the court accepts this recommendation, the pending Motion to Dismiss, ECF No. 38, is moot because Unknown Defendant 2 is now a named Defendant, and Plaintiff will be allowed to properly serve Defendant Sarvis under the Federal Rules of Civil Procedure.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion to Dismiss, ECF No. 38, be DENIED as moot and Plaintiff's Motion to Amend/Correct his Complaint, ECF No. 77, be GRANTED.

IT IS SO RECOMMENDED.

June 15, 2016                                                                Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**